IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERYL SANDERS, CECIL WHITE,           )
CHERYL ULRICH, MARTHA SURRATT,         )
SARAH WILLIAMS, KELLY VICK,            )
and CHRISTIANS FOR A BETTER            )
COMMUNITY, INC. on their own           )
behalf and on behalf of all            )
others similarly situated,             )
                                       )
              Plaintiffs,              )
                                       )
     v.                                )   Civil Action No. 88-1261
                                       )
THE UNITED STATES DEPARTMENT           )
OF HOUSING AND URBAN DEVELOPMENT,      )
and ITS SECRETARY, THE ALLEGHENY       )
COUNTY HOUSING AUTHORITY AND           )
ITS EXECUTIVE DIRECTOR, THE            )
REDEVELOPMENT AUTHORITY OF             )
ALLEGHENY COUNTY and ITS EXECUTIVE     )
DIRECTOR, and the COUNTY OF            )
ALLEGHENY, PENNSYLVANIA,               )
                                       )
              Defendants.              )

MEMORANDUM AND ORDER OF COURT

On September 29, 2005, this court issued an opinion and entered an order granting in part and denying in part the petition and revised fee petition of the plaintiff class for an award of attorney's fees and expenses. (Document No. 649). Pursuant to that order, judgment in the amount of $310,281.52 was entered in favor of the plaintiff class and against the United States Department of Housing and Urban Development ("HUD").

Plaintiff subsequently filed a motion for reconsideration (Document No. 650) of that order, specifically objecting to the court's 20% reduction of fees for duplication and excessiveness,

and HUD has filed an opposition to plaintiffs' motion. (Document No. 652). The court will grant plaintiffs' motion to reconsider. However, upon reconsideration, the court finds no basis for altering its prior decision.

The legal principles upon which the court arrived at the challenged 20% reduction to the number of hours requested are well-settled and were set forth in detail, not only in the court's September 29, 2005, opinion, but also in its March 14, 2001, opinion relating to interim fees. Fundamentally, the number of hours expended on the services rendered must be <u>reasonable</u>. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). Accordingly, in arriving at a <u>reasonable</u> fee, the number of hours claimed can be reduced for a variety of reasons, including the reasonableness of time expended on a particular task and duplication of effort. <u>Ursic v. Bethlehem Mines</u>, 729 F.2d 670, 677 (3d Cir. 1983).

As it did in its March of 2001 opinion, the court in its September of 2005 opinion employed the fair approach of "simply deducting a small percentage of the total hours to eliminate duplication of services." <u>Northcross v. Board of Education of Memphis City Schools</u>, 611 F.2d 624, 637 (6th Cir. 1979). Utilizing this approach, the court determined that a 20% reduction in the number of hours claimed by each counsel for excessiveness and duplication of services was necessary and appropriate to ensure that the fees that plaintiff counsel received were <u>reasonable</u>.

AO 72A
(Rev.8/82)

Upon reconsideration, the court still is convinced that the 20% across the board reduction was appropriate and is supported by the billing records submitted by class counsel. These records demonstrate that many of the hours claimed involved conferences and consultations among the various attorneys seeking fees. The court reviewed six years' worth of billing records in arriving at its prior decision, and, upon additional review, remains convinced that the number of hours claimed by counsel for plaintiff class in fact were unreasonable. Under these circumstances, a 20% reduction is fair in order to ensure that class counsel are compensated only for a reasonable number of hours expended.

An appropriate order will be entered.

ORDER

AND NOW, this 5th day of December, 2005, plaintiff class having filed a Motion for Reconsideration of this court's order of September 29, 2005, and the United States Department of Housing and Urban Development having filed a response, for the reasons set forth in the memorandum above, IT IS ORDERED that plaintiff's motion, be, and the same hereby is, granted, and, upon reconsideration, the court finds no basis to alter the court's order dated September 29, 2005.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Donald Driscoll, Esq.
Community Justice Project
1705 Allegheny Building
Pittsburgh, PA 15219

Lisa Olson, Esq.
Department of Justice
Civil Division
20 Mass. Ave., N.W., Room 6118
Washington, D.C. 20530

Clare Harrigan, Esq.
Office of General Counsel
U.S. Department of Housing
  and Urban Development
451 Seventh Street, S.W., Room 10258
Washington, D.C. 20410

John W. Joyce, Esq.
Allegheny County Housing Authority
341 Fourth Avenue
Pittsburgh, PA 15222

Raymond N. Baum, Esq.
John Hansberry, Esq.
Pepper Hamilton LLP
50th Floor, One Mellon Bank Center
500 Grant Street
Pittsburgh, PA 15219-2502

Irving Firman, Esq.
Redevelopment Authority of Allegheny County
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, PA 15222

J. Deron Gabriel, Esq.
Assistant County Solicitor
Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219

Mark Hornak, Esq.
Buchanon Ingersoll PC
20th Floor, One Oxford Center
301 Grant Street
Pittsburgh, PA 15219

AO 72A
(Rev.8/82)